# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHEILA G. REDMOND,
          Appellant,

v.

DEPARTMENT OF DEFENSE,
          Agency.

DOCKET NUMBER
DC-0752-15-0578-I-1

DATE: January 19, 2016

## THIS ORDER IS NONPRECEDENTIAL[*]

Richard E. Patrick, Esquire, Fairfax, Virginia, for the appellant.

Emily Shilts, Fort Belvoir, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The appellant filed an appeal in which she alleged that her retirement from the GS-12 position of Supervisory Social Worker with the agency's Fort Belvoir Community Hospital on November 30, 2012, was involuntary. Initial Appeal File (IAF), Tab 1. Because it appeared that the Board might not have jurisdiction over the appellant's claim, the administrative judge issued a jurisdictional order that advised the appellant of her burden of proof to establish the Board's jurisdiction, and directed her to file evidence and argument showing jurisdiction. IAF, Tab 2.

¶3    In her response, the appellant alleged that she was "forced to retire because of the Agency's wrongful discriminatory and retaliatory acts" and that the hostile acts "are set forth in the Report of Investigation (ROI)." IAF, Tab 3 at 5. She further alleged that the agency's actions included an unwarranted removal from her position as Chief, the unsupported removal of her credentials and being subjected to supervision, the failure to accommodate her asthma, monitoring of all of her movements, and not being given a key to an office. She also claimed that the agency retaliated against her based on her written complaints to her superiors regarding the horrible workplace conditions imposed upon her, which allegedly included ongoing retaliation and disability discrimination. *Id*. The appellant asserted that it was a difficult work environment and she felt like a prisoner. She argued that "a reasonable person confronted with the same set of circumstances would be coerced into leaving the workplace." *Id*.

¶4    The agency filed a response to the appeal arguing that its evidence established that the Board does not have jurisdiction over the appeal because the appellant's retirement was voluntary. IAF, Tab 4. The agency argued that, while the appellant "may actually believe that her working conditions were so unpleasant that she needed to retire," the evidence does not support her allegations. *Id*. at 16. The agency asserted that, when her supervisor received reports of various types of misconduct by the appellant, her supervisor investigated and responded appropriately. *Id*. The agency asserted further that,

when the appellant was caught in "behaviors that put the clinic's integrity and her patients at risk; poor charting practices, falsifying records of visits, not following up with" mental health patients, she was "appropriately given additional supervision and ultimately reported to credentialing." *Id.* To support the assertions in its response, the agency included a substantial amount of documentary evidence. IAF, Tabs 4-9. Without holding the requested hearing, the administrative judge dismissed the appeal finding that the appellant failed to set forth a nonfrivolous allegation that her retirement was involuntary. IAF, Tab 16, Initial Decision (ID).

¶5        The appellant filed a timely petition for review, arguing that she produced sufficient facts to support her allegation that she was forced to retire due to an intolerable work environment created by agency officials. Petition for Review (PFR) File, Tab 1. The agency filed a response in which it asserts that the appellant has failed to meet her burden of proof that the Board has jurisdiction over this case. PFR File, Tab 3.

¶6        The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008); 5 C.F.R. § 1201.56(a)(2). An employee-initiated action, such as retirement or resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement, however, is equivalent to a forced removal and therefore within the Board's jurisdiction. *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1328 (Fed. Cir. 2006) (en banc). To overcome the presumption that a retirement is voluntary, the employee must show that it was the result of the agency's misinformation or deception or was coerced by the agency. *See Vitale*, 107 M.S.P.R. 501, ¶ 19. To establish involuntariness on the basis of coercion, the appellant must establish that the agency imposed the terms of the retirement, she had no realistic alternative but to retire, and the retirement was the

result of improper actions by the agency. *Garcia*, 437 F.3d at 1329. If the employee claims that her retirement was coerced by the agency's creating intolerable working conditions, she must show that a reasonable employee in her position would have found the working conditions so oppressive that she would have felt compelled to retire. *Id.* When an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of jurisdiction and not whether it would establish discrimination as an affirmative defense. *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001).

¶7  If an appellant makes a nonfrivolous allegation casting doubt on the presumption of voluntariness, she is entitled to a hearing at which she must prove jurisdiction by a preponderance of the evidence. *Parrott*, 519 F.3d at 1332; *Garcia*, 437 F.3d at 1344. To meet the nonfrivolous standard, an appellant need only plead allegations of fact that, if proven, could show jurisdiction. *SanSoucie v. Department of Agriculture*, 116 M.S.P.R. 149, ¶ 16 (2011). Thus, to establish entitlement to a jurisdictional hearing, an appellant need not allege facts that, if proven, definitely *would* establish that the retirement was involuntary; she need only allege facts that if proven *could* establish such a claim. *O'Brien v. Department of Agriculture*, 91 M.S.P.R. 139, 142 (2002). In assessing whether an appellant has made nonfrivolous allegations entitling her to a hearing, an administrative judge may consider the agency's documentary submissions; however, to the extent the agency's evidence contradicts the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶8  Here, we find that the appellant's allegations below show that she raised a nonfrivolous allegation that her retirement was involuntary. *See Carey v. Department of Health & Human Services*, 112 M.S.P.R. 106, ¶ 7 (2009)

(explaining that the appellant's allegations that she was forced to retire because the agency refused to accommodate her disability by allowing her to telecommute were adequate to entitle her to a hearing); *see also Garcia*, 437 F.3d at 1324 (finding that the agency's failure to renovate the appellant's workspace to accommodate her medical condition may have forced her to accept a demotion). In support of her assertion that her retirement was the result of intolerable working conditions, the appellant alleged that the agency removed her from her position as Chief, removed her credentials and subjected her to supervision, failed to accommodate her asthma, monitored her movements, and did not give her a key to an office. IAF, Tab 3. The appellant also submitted the "re-issue" of the agency's final agency decision in her equal employment opportunity (EEO) discrimination complaint. IAF, Tab 1. In her EEO complaint, the appellant relied upon the same alleged agency actions against her as she asserts in this appeal, and she alleged that she was subjected to a hostile work environment because of her disabilities. *Id.*

¶9      However, instead of providing the appellant an opportunity for a hearing, the administrative judge thoroughly set forth and assessed the adequacy of the conflicting agency documentary evidence. ID at 6-9. The administrative judge detailed the agency's evidence regarding the appellant's performance and behavioral issues, as well as the actions the agency took against her in response to her alleged misconduct. *Id.* Then, based upon a review of the record evidence, the administrative judge determined that there was no evidence to support the appellant's claim of intolerable working conditions. ID at 9-10. Specifically, the administrative judge found that the record demonstrated that the appellant's supervisor had received reports about her misconduct and, after investigating those reports, gave the appellant additional supervision and reporting requirements to credentialing. *Id.* The administrative judge further found that, while the evidence showed that the appellant was unhappy and frustrated with her working conditions, she failed to show that a reasonable person in her position

would have believed that she had no other option but to retire.  ID at 10.  After weighing all of the evidence, the administrative judge dismissed the appeal for lack of jurisdiction.   However, the administrative judge's determination to dismiss the appeal without holding a hearing was error because an administrative judge may not weigh evidence or resolve conflicting assertions regarding disputed facts material to the question of jurisdiction without affording the appellant the opportunity for a jurisdictional hearing.  *Carey*, 112 M.S.P.R. 106, ¶ 8; *Ferdon*, 60 M.S.P.R. at 329-30.

## ORDER

¶10      Accordingly, we remand this case to the regional office for a hearing on the issue of whether the appellant's retirement was the result of coercion based on intolerable working conditions, and therefore, an involuntary act within the Board's jurisdiction.  If, on remand, the administrative judge determines that the appellant's retirement was involuntary and that the Board has jurisdiction over this appeal, then the administrative judge must determine whether the appeal was timely filed.   On remand, the administrative judge also shall consider the appellant's claims of discrimination and retaliation as factors in determining whether, under all of the circumstances, a reasonable person in the appellant's position would have felt compelled to retire.  *See Pickens*, 88 M.S.P.R. 525, ¶¶ 12, 14; *Conover v. Department of the Army*, 78 M.S.P.R. 605, 612 (1998).


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.